**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **STEVEN D. CARRINGTON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 05-3261** |
| **HARTFORD LIFE & ACCIDENT INSURANCE COMPANY, ET AL.** | **SECTION B(2)** |

**ORDER AND REASONS**

This matter came before the Court for oral argument today in consideration of Defendant's Motion *In Limine* And Alternative Motion To Strike (Rec. Doc. No. 34) and Defendant's Motion For Summary Judgment (Rec. Doc. No. 20).  After review of the pleadings and applicable law, the argument of counsel, and for the reasons that follow,

**IT IS ORDERED** that Defendant's Motion *In Limine* And Alternative Motion To Strike is **DENIED.**

**IT IS FURTHER ORDERED** that Defendant's Motion For Summary Judgment is **DENIED.**

*BACKGROUND*

Plaintiff Steven D. Carrington was a participant in a Group Long Term Disability Benefits Plan sponsored by his employer, Transocean, Inc. and underwritten by a policy of insurance ("LTD Policy") issued by Hartford Life & Accident Insurance Company ("Hartford").   The LTD Policy is governed by the Employment Retirement Income Security Act of 1974 ("ERISA," 29 U.S.C. § 1001,

1

et seq.).   Said LTD Policy provides that Hartford is the claims fiduciary for benefits and further provides that Hartford has full discretion to determine eligibility for benefits.

Plaintiff sustained back injury and underwent a laminectomy and discectomy on or about July 22, 2004.  Plaintiff was diagnosed with cauda equina syndrome secondary to herniated L4-5.  Post-surgery, Plaintiff allegedly suffered from limb weakness, back and bilateral leg pain, and weakness of both distal lower extremities. Plaintiff filed a claim for long term disability benefits under the LTD Policy on December 27, 2004.

Hartford informed Plaintiff by letter dated January 14, 2005 of its decision to deny Plaintiff's claim for long term disability benefits.  Hartford stated that Plaintiff was not eligible for long term disability as Plaintiff was not continuously disabled through the entire 180 day Elimination Period as required by the LTD Policy.  Hartford noted that Plaintiff's treating physician, Dr. Palopoli released Plaintiff to return to work with no restrictions effective January 7, 2005. The decision letter further informed Plaintiff of the right to appeal Hartford's decision within 180 days of receipt of said letter as provided under ERISA.  Upon finding an error in the original decision letter, Hartford submitted a corrected decision letter dated January 25, 2005 to Plaintiff that included notice of Plaintiff's right to appeal Hartford's decision within 180 days of receipt of the corrected decision letter.  Plaintiff appealed Hartford's decision denying

2

his claim for long term disability benefits.  Hartford informed Plaintiff by letter dated February 21, 2005 that the appeal process was complete and Hartford's decision denying long term disability benefits was final.  Hartford relied on statements made by Dr. Palopoli regarding Plaintiff's ability to perform his occupational duties and to perform occupational duties of a medium exertion-level occupation in the general economy.

On July 14, 2005, Plaintiff's counsel mailed a letter to Hartford requesting reconsideration of Plaintiff's claim. Plaintiff's counsel attached a detailed physical evaluation form signed and dated by Dr. Palopoli on June 28, 2005 for Hartford's consideration.  Hartford returned the physical evaluation form with a letter dated July 19, 2005 explaining that the physical evaluation form was not received until after the appeal determination and, therefore, was not considered part of the administrative record.

Plaintiff filed suit on July 27, 2007 against Defendants Group Long Term Disability Plan for Employees of Transocean, Inc., Transocean, Inc.[1] and Hartford.  Plaintiff claims entitlement to total disability benefits as defined by the LTD Policy, costs, and attorney's fees.

Defendant Hartford contends that the LTD Policy provides Hartford with the discretionary authority to determine eligibility

---

[1]The Court dismissed Defendants Group Long Term Disability Plan For Employees of Transocean, Inc. and Transocean, Inc. without prejudice upon Plaintiff's motion.  (Rec. Doc. No. 14).

for benefits and, therefore, the Court is required to apply an arbitrary abuse of discretion standard in reviewing Hartford's decision.  Hartford further contends that the decision to deny Plaintiff's claim under the own occupation standard of disability was not arbitrary as Plaintiff's treating physician confirmed Plaintiff's ability to perform the duties of his own occupation. Therefore, Hartford moves the Court for summary judgment.

In opposition, Plaintiff contends Hartford arbitrarily and capriciously failed to adhere to its own claims evaluation process. Plaintiff contends Hartford conducted a detailed occupational analysis but failed to match the reported occupational duties and demands with Plaintiff's reported medical condition and limitations.  Plaintiff further contends that Dr. Palopoli was not presented with relevant and specific questions bearing on the issue of Plaintiff's ability to perform his occupation until he completed the detailed physical evaluation form on June 28, 2005.  Plaintiff contends a comparison between Plaintiff's limitations and the requirements of Plaintiff's own occupation establishes Plaintiff's disability and entitlement to long term disability benefits.

Defendant Hartford filed objections (Rec. Doc. No. 32) and a Motion *In Limine* And Alternative Motion To Strike (Rec. Doc. No. 34).  Defendant contends that the Court's review of Hartford's decision is limited to the administrative record and said record does not include the letter dated July 14, 2005 written by Plaintiff's counsel requesting reconsideration of Plaintiff's claim

nor the attached detailed physical evaluation form signed and dated by Dr. Palopoli on June 28, 2005.[2]  Furthermore, Hartford contends said evidence is irrelevant and immaterial under FRE 401, 402, and 403 and inadmissible hearsay pursuant to FRE 801, 802, and 805. Hartford moves the Court to exclude or strike said evidence from the record.

Plaintiff contends the letter dated July 14, 2005 requesting reconsideration of Plaintiff's claim and the physical evaluation form signed and dated by Dr. Palopoli on June 28, 2005 are part of the administrative record in accordance with binding Fifth Circuit precedence.  Plaintiff contends that said evidence is relevant, material and bears directly on the nature and extent of Plaintiff's disability.  Plaintiff further contends that  Defendant's hearsay objections are without merit as the administrative record is not submitted to prove the truth of the matter asserted but to determine whether the administrator's decision is adequately supported.

### DISCUSSION

**A.   Motion In Limine And Alternative Motion To Strike**

Hartford moves the Court to exclude Plaintiff's Exhibit "1"

---

[2]Plaintiff filed the letter dated July 14, 2005 requesting reconsideration of Plaintiff's claim and the detailed physical evaluation form signed and dated by Dr. Palopoli on June 28, 2005 as Plaintiff's Exhibit "1" to Plaintiff's Memorandum In Opposition To Defendant's Motion For Summary Judgment (Rec. Doc. No. 22).

including the letter dated July 14, 2005 requesting reconsideration of Plaintiff's claim ("request for reconsideration") and the detailed physical evaluation form signed and dated by Dr. Palopoli on June 28, 2005 ("physical evaluation").  Hartford claims said evidence is not part of the administrative record and, therefore, should not be considered by the court in reviewing Hartford's administrative decision to deny Plaintiff's claim for long term disability benefits.

Plaintiffs suing under ERISA are limited to the facts contained in the administrative record.  *Vega v. Nat'l Life Ins. Servs., Inc.*, 188 F.3d 287, 299 (5th Cir. 1999)(*en banc*).  The Fifth Circuit held that the administrative record consists of "relevant information made available to the administrator prior to the complainant's filing of a lawsuit and in a manner that gives the administrator a fair opportunity to consider it."  *Id.*  The Fifth Circuit further stated:

> Before filing suit, the claimant's lawyer can add additional evidence to the administrative record simply by submitting it to the administrator in a manner that gives the administrator a fair opportunity to consider it. . . . If the claimant submits additional information to the administrator . . . and requests the administrator to reconsider his decision, that additional information should be treated as part of the administrative record.  Thus, we have not in the past nor do we now, set a high bar to a party's seeking to introduce evidence into the administrative record.

*Id.* at 300(citations omitted).

Here, Plaintiff's counsel submitted the request for reconsideration and physical evaluation form to Hartford prior to filing the instant lawsuit. Therefore, under *Vega* said evidence is part of the administrative record as a matter of law.

Hartford argues that the holding in *Vega* directly contradicts prior Fifth Circuit law limiting the administrative record to the documents before the administrator at the time the claims decision was made. Therefore, Hartford moves the Court to exclude Plaintiff's evidence and argues such a ruling would be consistent with prior Fifth Circuit cases. Hartford cites *Keele v. JP Morgan Chase Long Term Disability Plan*, an unpublished opinion, in which the Fifth Circuit acknowledged that the pertinent language in *Vega* conflicts with prior case law. *Keele*, No. 05-20979, 2007 U.S. App. 3421, *9-10 (5th Cir. Feb. 14, 2007). The Fifth Circuit further acknowledged that a broad interpretation of *Vega* may result in the practical problem of prohibiting administrators from closing files indefinitely. *Id.* at 10 n.1 (citing *Needham v. Tenet Select Benefit Plan*, No. 02-3291, 2004 U.S. Dist. LEXIS 12367 at *22-23, 2004 WL 193131, at *7 (E.D.La. Jan. 30, 2004). While addressing this issue, the Court acknowledged two interpretations of *Vega*: (1) "the time frame in which a claimant can submit new evidence to the administrator is limited by the language "in a manner that gives the administrator a fair opportunity to consider it'" or (2)"one could read this phrasing . . . as referring to the length of time between the claimant's submission of the new evidence and

subsequent filing of suit in federal court." *Id.* at *11.  The Fifth Circuit noted that the latter interpretation was more consistent with the overriding concern to "encourage the parties to resolve their dispute at the administrator's level." *Id.*  However, the Fifth Circuit declined to decide the precise requirements imposed by *Vega* in *Keele*.

The Court recognizes that *Keele* is not precedent.[3] Nonetheless, the Court considers both interpretations of *Vega* as articulated in *Keele* and finds that an analysis of the instant facts under either interpretation of *Vega* would result in the admissibility of the request for reconsideration and physical evaluation form.   Here, Plaintiff submitted the request for reconsideration and physical evaluation form within the 180 days allowed for an appeal.   Therefore, the Court finds that the time frame in which Plaintiff submitted said request and evidence was reasonable and in a manner allowing the administrator a fair opportunity to consider it.   Moreover, Plaintiff filed the instant lawsuit after Hartford returned said request and physical evaluation form stating its refusal to consider the same. Therefore, Plaintiff afforded Hartford with the opportunity to consider the evidence and received a response prior to filing suit in federal court.

Considering the foregoing, the Court finds Plaintiff submitted

---

[3]  5th Cir. R. 47.5.4.

the request and physical evaluation form in a manner consistent with Fifth Circuit precedence.  The Court finds the request and physical evaluation are part of the administrative record as a matter of law and further finds said evidence relevant.

**B.   *Motion For Summary Judgment***

Summary judgment is proper if the pleadings, depositions, interrogatory answers, and admissions, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S. Ct. 2548, 2554-55 (1986).  A genuine issue exists if the evidence would allow a reasonable jury to return a verdict for the nonmovant.  *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986).  Although the Court must consider the evidence with all reasonable inferences in the light most favorable to the nonmoving party, the nonmovant must produce specific facts to demonstrate that a genuine issue exists for trial.  *Webb v. Cardiothoracic Surgery Assocs. of N. Texas,* 139 F.3d 532, 536 (5th Cir. 1998).  The nonmovant must go beyond the pleadings and use affidavits, depositions, interrogatory responses, admissions, or other evidence to establish a genuine issue.  *Id.*  Accordingly, conclusory rebuttals of the pleadings are insufficient to avoid summary judgment.  *Travelers Ins. Co. v. Liljeberg Enter., Inc.* 7 F.3d 1203, 1207 (5th Cir. 1993).

"ERISA provides federal courts with jurisdiction to review

benefit determinations by fiduciaries or plan administrators."

*Bratton v. Nat'l Union Fire Ins. Co.*, 215 F.3d 516, 521-22 (5th Cir.

2000)(citing 29 U.S.C. § 1132(a)(1)(B)).

> [A] denial of benefits challenged under §
> 1132(a)(1)(B) is to be reviewed under a de
> novo standard unless the benefit plan gives
> the administrator or fiduciary discretionary
> authority to determine eligibility for
> benefits or to construe the terms of the plan.
> . . . Of course, is a benefit plan gives
> discretion to an administrator or fiduciary
> who is operating under a conflict of interest,
> that conflict must be weighted as a 'fato[r]
> in determining whether there is an abuse of
> discretion.'

*Vega v. Nat'l Life Ins. Services*, 188 F.3d 287, 295 (5th Cir.

1999)(quoting *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101,

109 S.Ct. 948, 103 L.Ed.2d 80(1989).  Therefore, the standard of

review "when an administrator has discretionary authority . . .

should be one of abuse of discretion."  *Id.* "When reviewing for

arbitrary and capricious actions resulting in an abuse of

discretion, [the Court shall] affirm an administrator's decision if

it is supported by substantial evidence."  *Meditrust Financial

Services Inc. v Sterling Chemicals, Inc.*, 168 F.3d 211, 215 (5th

Cir. 1999).  A potential conflict exists when a self-interested

administrator is granted discretion to resolve claims.  *Id.* at

296.  The Fifth Circuit applies a sliding scale standard in which

"[t]he existence of a conflict is a factor to be considered in

determining whether the administrator abused its discretion in

denying the claim.  The greater the evidence of conflict on the

10

part of the administrator, the less deferential our abuse of discretion standard will be."  *Id.*   at 297.   "A decision is arbitrary only if 'made without a rational connection between the known facts and the decision or between the found facts and the evidence.'"  *Id.* (quoting *Bellaire General Hosp. v. Blue Cross Blue Shield of Michigan*, 97 F.3d 822, 828 (5th Cir. 1996)).

Here, a conflict exists as Hartford has a self-serving financial interest in whether or not Plaintiff is entitled to benefits.   Therefore, the Court will apply the arbitrary and capricious standard but will apply the sliding scale approach and consider the conflict as a factor in its determination of whether Hartford abused its discretion in denying Plaintiff's claim.

The LTD Policy provides that a participant is eligible for long term disability benefits if "during the Elimination Period and for the next 24 months you are prevented by . . . accidental bodily injury . . . [or] sickness . . . from performing one or more of the Essential Duties of Your Occupation."[4]   The LTD policy defines "Your Occupation as the claimant's occupation "as it is recognized in the general workplace"[5] and defines the "Elimination Period" as the "period of time that a claimant must be disabled before benefits become payable and is generally 180 days commencing from the onset of disability."[6]

---

[4]Long Term Disability Group Benefit Plan, p.16.

[5]*Id.* at 19.

[6] *Id.* at 4.

Plaintiff was employed as a Chief Electronic Technician with Transocean, Inc.  Hartford conducted an occupational analysis to establish the essential duties of Chief Electronic Technician as they are recognized in the general workplace.  Hartford determined that the occupation of Chief Electronic Technician as recognized in the general workplace is  categorized as a medium-level exertion occupation.   According  to  Hartford's  legend,  a  medium-level exertion  occupation  requires  occasional  "lifting/carrying/ (exerting force to) push/pull up to 50 lbs., frequently up to 20 lbs., continuously up to 10 lbs; frequent standing/ walking may be required.[7]

Hartford initially denied Plaintiff's claim after a Hartford representative  engaged  in  a  telephone  conversation  with  Dr. Palopoli's  office  manager  and  was  informed  that  Dr.  Palopoli released  Plaintiff  to  return  to  work  full  duty  without restrictions.   Hartford  determined  that  Dr.  Palopoli  released Plaintiff  prior  to  the  expiration  of  the  elimination  period provided  in  the  LTD  Policy  and,  therefore,  denied  Plaintiff's claim.[8]  Plaintiff appealed the initial denial after failing the physical examination required to return to his own occupation and informed  Hartford  that  he  was  no  longer  released  to  return  to

---

[7] The Hartford - Benefit Management Services Comments: Summary Detail Report, p.8.

[8] *Id.*  at 6-7.

work.[9]   A Hartford appeals specialist contacted Dr. Palopoli via telephone and was informed by Dr. Palopoli that Plaintiff had the physical capability to perform  the duties of his medium occupation level job.[10]   Based on the foregoing, Hartford denied Plaintiff's appeal.[11]

A review of the record reveals that Hartford failed to confirm Dr. Palopoli's understanding of the requirements of a medium level occupation and further failed to compare Plaintiff's limitations with said requirements.   The record is devoid of specific comparisons to Plaintiffs limitations at the time the appeal was denied and the "own occupation" requirements.[12]  Moreover, the Court finds Hartford's decision to refuse to consider additional evidence within the 180 day period allowed to request an appeal was unreasonable.   Therefore, the Court finds Hartford's decision to deny Plaintiff's claims was arbitrary, capricious and an abuse of discretion.   The Court further finds that the physical evaluation form completed and signed by Plaintiff's treating physician, Dr.

---

[9]*Id.*  at 4.

[10]*Id.*

[11]*Id.*

[12]    The Court takes further notice of Hartford's own assessment that the "essential duties of ee's own occupation for er are **equal to** own occupation as found in the national economy." *Id.*  at 8. (emphasis added).   The Court considers said statement coupled with the known fact that Plaintiff failed the physical examination required to return to work with Transocean, Inc., in its determination of whether Hartford may have abused its discretion.

Palopoli raises issues of material fact as to Plaintiff's physical limitations, whether Plaintiff's physical limitations prohibit Plaintiff from performing the duties of Plaintiff's own occupation as it is recognized in the general workplace, and whether Plaintiff suffered from said limitations throughout the duration of the elimination period.  Accordingly,

    **IT IS ORDERED** that:

    (1)    Defendant's Motion *In Limine* And Alternative Motion To Strike (Rec. Doc. No. 34) is **DENIED**;

    (2)    Defendant's motion for summary judgment (Rec. Doc. No. 20) is **DENIED;**[13]

    (3)    Plaintiff's claim for Long term Disability Benefits is hereby **REMANDED** to Hartford for further administrative proceedings to reconsider Plaintiff's limitations in light of Dr. Palopoli's evaluation and to determine whether said limitations existed during the applicable elimination period[14]; and

---

[13]The Court granted parties' joint motion for case submission for adjudication by way of dispositive motion.  (Rec. Doc. No. 47).  The parties' stipulated that Plaintiff's Opposition Memorandum To Plaintiff's Motion For Summary Judgment (Rec. Doc. No. 22) would be viewed as Plaintiff's cross motion for summary judgment.  Finding genuine issues of material fact exist, Plaintiff's Cross Motion For Summary Judgment is **DENIED.**

[14]Hartford's decision to refuse to consider Plaintiff's request for reconsideration and Dr. Palopoli's physical evaluation was arbitrary and capricious.  However a procedural violation does not entitle Plaintiff to a substantive remedy of

(4)   The captioned action shall be administratively closed for

**ninety (90) days,** for statistical purposes only, without

prejudice to the parties' right to reopen **no later than**

**Wednesday, October 24, 2007.**   Failure to timely file a

motion to reopen may lead to dismissal of claims without

further notice.

New Orleans, Louisiana this 26th day of July, 2007.

UNITED STATES DISTRICT JUDGE

---

benefits. *Hines v. Massachusetts Mutual Life Ins. Co.*, 43 F.3d
207, 211 (5th Cir. 1995).  *See also* Miles v. AIG Life Ins. Co.,
2005 WL 1038668 (E.D. La. April 22, 2005).